﻿Citation Nr: 18104735
Decision Date: 05/23/18 Archive Date: 05/22/18

DOCKET NO. 15-01 927
DATE: May 23, 2018
REMANDED
Entitlement to service connection for an acquired psychiatric disorder, to include generalized anxiety disorder, major depressive disorder, and panic disorder, is remanded.
Entitlement to service connection for hypertension is remanded.
REASONS FOR REMAND
The Veteran served on active duty in the United States Air Force from January 2008 to June 2008. These matters are on appeal from an August 2010 rating decision. 
In characterizing the issues on appeal, the Board recognizes that in Clemons v. Shinseki, the United States Court of Appeals for Veterans Claims held that “multiple medical diagnoses or diagnoses that differ from the claimed condition do not necessarily represent wholly separate claims,” and that because a lay claimant is only competent to report symptoms and not diagnoses, VA must consider the claim for disabilities reasonably raised by the description of the claimant’s symptoms. 23 Vet. App. 1, 6-7 (2009). As the medical evidence of record indicates that the Veteran has received multiple psychiatric diagnoses during the period on appeal, the issue of entitlement to service connection for an anxiety disorder has been expanded, as noted on the title page, consistent with Clemons.
The issues of entitlement to service connection for an acquired psychiatric disorder, to include generalized anxiety disorder, major depressive disorder, and panic disorder, and entitlement to service connection for hypertension are remanded. 
The Veteran seeks service connection for an acquired psychiatric disorder, which he asserts first manifested during active duty service. Service treatment records show that the Veteran sought treatment for heart palpitations, racing heart beat, shortness of breath, and chest discomfort in April 2008. The Veteran contends these symptoms were due to anxiety. Post-service medical records show that the Veteran was first diagnosed with anxiety in December 2008, six months after his separation from the military. The Board notes that during the pendency of this appeal, the Veteran has been diagnosed with generalized anxiety disorder, major depressive disorder, and panic disorder. 
The Veteran also seeks service connection for hypertension, which he asserts manifested during active duty service. Service treatment records show several elevated blood pressure readings, in addition to complaints of heart palpitation, racing heart beat, shortness of breath, and chest discomfort, however, the Veteran did not receive a diagnosis of high blood pressure or hypertension while in service. Further, an April 2008 echocardiogram showed evidence of atrial septal defect. Post-service medical records show that the Veteran was first diagnosed with hypertension in March 2010. 
In disability compensation claims, VA must provide a VA medical examination when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, and (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran’s service or with another service-connected disability, but (4) there is insufficient competent medical evidence on file for VA to make a decision on the claim. See 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4); McLendon v. Nicholson, 20 Vet. App. 79 (2006). 
To date, the Veteran has not been afforded VA examinations with respect to his claims for an acquired psychiatric disorder and hypertension. In light of evidence of an in-service occurrence of symptoms of a psychiatric disorder and hypertension, as well as the short duration of time between the Veteran’s separation and his diagnoses, the Board finds that remand is necessary to afford the Veteran VA examinations in order to determine the nature and etiology of his claimed conditions. 
Accordingly, the matters are REMANDED for the following actions:
1. Schedule the Veteran for a VA examination with a medical professional of appropriate expertise to determine the nature and etiology of any diagnosed psychiatric disorder, to include generalized anxiety disorder, major depressive disorder, and panic disorder. The entire claims file, to include a copy of this REMAND, must be provided to the VA examiner and reviewed in full. That review must be noted in the examination report. A detailed history should be procured from the Veteran during the examination. All pertinent studies should be conducted. 
The examiner should set forth all currently diagnosed acquired psychiatric disorders. Thereafter, the examiner is asked to provide an opinion with respect to the following: 
(a) Is it at least as likely as not (50 percent probability or greater) that any psychiatric disorder diagnosed during the pendency of the appeal, even if currently resolved, was incurred in or caused by the Veteran’s active duty service?
The requested opinion should specifically address the significance, if any, of the in-service occurrence of heart palpitations, racing heart beat, shortness of breath, and chest discomfort, and the December 2008 diagnosis of anxiety less than six month after separation. 
The examiner should set forth a complete rationale for the conclusions reached. If an opinion cannot be reached without resorting to speculation, the examiner must explain why.
2. Schedule the Veteran for a VA examination with a medical professional of appropriate expertise to determine the nature and etiology of his hypertension. The entire claims file, to include a copy of this REMAND, must be provided to the VA examiner and reviewed in full. That review must be noted in the examination report. A detailed history should be procured from the Veteran during the examination. All pertinent studies should be conducted. Thereafter, the examiner is asked to provide an opinion with respect to the following: 
(a) Is it at least as likely as not (50 percent probability or greater) that the Veteran’s hypertension had its onset during the Veteran’s active duty service or within one year of discharge, or is otherwise etiologically related to his military service? 
The requested opinion should specifically address the significance, if any, of the elevated blood pressure readings during service, the in-service occurrence of heart palpitations, racing heart beat, shortness of breath, and chest discomfort, and the echocardiogram results which showed evidence of atrial septal defect. 
The examiner should set forth a complete rationale for the conclusions reached. If an opinion cannot be reached without resorting to speculation, the examiner must explain why.
 
LESLEY A. REIN
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Melissa Barbee, Associate Counsel